UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DAVID GRIEPSMA,

            Plaintiff,

v.

TODD ADAMS, et al.,

           Defendant.

CASE NO. 2:21-cv-01101-RSM-BAT

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's *pro se* Motion for Change of Venue. Dkt. 6. In his motion, Plaintiff requests the Court order Skagit County Superior Court to transfer the civil rights complaint that he filed in 2020 in that court. *Id.* As discussed below, the Court recommends the motion be DENIED and the matter be terminated. The federal removal statute allows only defendants to transfer an action filed in state court to federal court. Moreover, the removal statute requires an action be removed within 30 days. Plaintiff filed his complaint in state court in 2020 and thus any attempt to remove falls far outside the statutory 30-day limit.

The Court further recommends that leave to amend be denied. Plaintiff's civil rights complaint is currently pending in the state courts and amendment would be futile as there is no basis for this Court to order the state court to transfer Plaintiff's complaint.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A.    Background**

On August 16, 2021, Plaintiff filed a proposed "motion for change of venue" to transfer a civil rights complaint he filed in 2020 in the Skagit County Superior Court. Dkt. 6. The motion alleges that in 2017 an anonymous 911 caller made false accusations against Plaintiff resulting in Plaintiff being arrested, pepper sprayed and struck by Deputy Adams and Tasered by Deputy Esskew.  After his arrest, Plaintiff was seen at United General Hospital and the "police lied" about his injuries. The day after his arrest Plaintiff claims a Park manager bragged about having Plaintiff arrested though the managers name was not on the 911 log. Plaintiff claims there is also an "eyewitness" who watched the "police brutality." Plaintiff alleges Deputy Rogge was not present at the scene of his arrest as the arrest report indicates and that Deputy Rogge filed false criminal charges against him in 2017. *Id.* at 5.

Based upon the above allegations, Plaintiff filed a complaint in 2020 in Skagit County Superior Court. Plaintiff claims the Skagit County Sherriff's Office declined to serve the defendants in Plaintiff's complaint and the Skagit County Superior Court "never ruled on any of the documents . . . or sent me any response except for a copy of the complaint, stamped as filed and the case was assigned No. 20-2-00588-29." *Id.* at 6. Plaintiff also avers he filed a motion for change of venue with the Skagit County Superior Court.

As relief Plaintiff's asks the Court to "order the Skagit County Superior Court to transfer file for this case to this Court and . . . serve process on Defendants." *Id.* at 7.

**B.    Legal Standards**

Plaintiff asks the Court to order the Skagit County Superior Court to transfer his case to this Court. This is something the Court cannot do because Skagit County is not a party. It is an

REPORT AND RECOMMENDATION - 2

elementary rule of judgments that the disposition of a case affects only those who are actually parties to it. *Aleknagik Natives Ltd. V. Andrus*, 648 F2d 496, 506 (9th Cir. 1980); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (concluding it was error to enter an injunction against a non-party.

Plaintiff's request is also in the nature of an injunction or writ of mandamus in that it requests this Court to order the state court to undertake a certain action. A long line of cases precludes this Court from granting such relief. *See*); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (under the Eleventh Amendment, a federal district court lacks jurisdiction to order state officials to conform their conduct to state law); *Demos v. United States Dist. Court for the Eastern Dist. of Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991), *cert. denied*, 498 U.S. 1123, 111 (1991) (petition for mandamus to compel state court to take or refrain from taking some action "frivolous as a matter of law"); *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("[t]he federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties") (citation omitted); *Taylor v. Calif. Dep't of Justice*, 2009 WL 1814421 (N.D.Cal. June 23, 2009) (court had no authority to order California Department of Justice and local police department to provide petitioner with all evidence obtained in investigation of case).

In sum, as this Court cannot grant Plaintiff's request that the Skagit County Superior Court be ordered to transfer his state civil rights complaint to this Court, Plaintiff's motion should be denied.

Because Plaintiff proceeds *pro se*, the Court has also considered whether Plaintiff motion should be granted under the federal removal statute, 28 U.S.C. § 1446. Section 1446 permits a defendant to remove a civil action from a state court if the defendant does so within 30-days of

REPORT AND RECOMMENDATION - 3

receiving notice of the plaintiff's civil action and the case meets other jurisdictional requirements. The plain language of the statute provides defendants not plaintiffs from removing a state civil action to federal court. Hence, the removal statute does not provide Plaintiff a mechanism to transfer his state case to this Court. Further, even if the Court placed Plaintiff into the shoes of a defendant seeking to remove a case, Plaintiff like such a defendant would have been required to remove the case within 30-days of the day he filed his complaint in 2020 as that would be the date he was aware of the action. However, Plaintiff his motion to change venue in August 2021, well after the 30-day period had lapsed. The Court accordingly concludes Plaintiff may not remove his state civil complaint under § 1446 and the motion should be denied for this reason also.

For the foregoing reasons, the Court recommends Plaintiff's motion to transfer his state civil action, which appears to be still pending in the state court, be DENIED and the matter be closed.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 14, 2021.** The Clerk should note the matter for **September 17, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 31st day of August 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4

REPORT AND RECOMMENDATION - 5