UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DAVID GRIEPSMA,

                  Plaintiff,

    v.

TODD ADAMS, *et al.*,

             Defendants.

CASE NO. C21-1101-RSM

ORDER ADOPTING REPORT AND
RECOMMENDATION

## I.     INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge.  Dkt. #8.  The Court has reviewed Plaintiff's motion for change of venue, the R & R, Plaintiff's objections thereto, and the remaining record.  The Court agrees with the R & R that Plaintiff's motion should be denied and this action dismissed.

## II.     BACKGROUND

Plaintiff James Griepsma proceeds pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 16, 2021, Plaintiff initiated this action by filing

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 1

a document entitled "motion for change of venue" in this Court.  Dkt. #1.  Plaintiff's motion referenced superior court case no. 20-2-00588-29 and explained that he filed this action in Skagit County Superior Court in 2020.  *Id.* at 5.  He further claims that the Superior Court never issued a ruling or sent him any response except for a file-stamped copy of the complaint.  *Id.* at 6.  Plaintiff explains that to avoid dismissal for failure to prosecute, he filed a motion for change of venue to transfer the case from Skagit County Superior Court to the U.S. District Court for the Western District of Washington.  *Id.*

This Court granted Plaintiff's application to proceed IFP.  Dkt. #5.  However, on August 31, 2021, Judge Tsuchida issued the R & R determining that this Court cannot grant Plaintiff's request to transfer his state civil rights complaint to the Western District of Washington.  Dkt. #8.  Furthermore, the R & R concluded that the federal removal statute, 28 U.S.C. § 1446, did not permit removal in this instance given that the 30-day deadline for removal lapsed long before Plaintiff filed his motion to change venue in August 2021.  *Id.*  For these reasons, the R & R recommended denial of Plaintiff's transfer motion and dismissal of this case.  That same day, Judge Tsuchida issued a supplement to the R & R to address a supplemental exhibit filed by Plaintiff, Dkt. #7, concluding that Plaintiff's exhibit did not alter the original recommendation.  Dkt. #9.  Plaintiff filed Objections to the R & R and supplement on September 10, 2021.  Dkt. #10.

### III.   DISCUSSION

**A.  Legal Standard**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.  "A judge of the

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 2

1    court may accept, reject, or modify, in whole or in part, the findings or recommendations made

2    by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court reviews de novo those portions of

3    the report and recommendation to which specific written objection is made.  *United States v.*

4    *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

5        **B.  Transfer from Skagit County State Court**

6        The R & R correctly determined that Plaintiff's motion to transfer this case from Skagit

7    County Superior Court to the Western District of Washington is relief that this Court cannot grant.

8    Plaintiff does not meaningfully object to Judge Tsuchida's determination that the nature of his

9    request is injunctive relief or a writ of mandamus against the Skagit County Court.  *See* Dkt. #8 at

10   2-3.  Because Skagit County Superior Court is not a party, and because a federal district court lacks

11   jurisdiction to compel a state court to take or refrain from taking some action, this Court lacks any

12   proper basis to grant Plaintiff's requested relief.  *See Zenith Radio Corp. v. Hazeltine Research,*

13   *Inc.*, 395 U.S. 100, 112 (1969) (injunction may not be entered against a non-party); *Clark v. State*

14   *of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue

15   writs of mandamus to direct state courts or their judicial officers in the performance of their

16   duties . . . .").  On this basis alone, dismissal is proper.

17       Given Plaintiff's pro se status, the R & R also considered the possibility of transfer to this

18   Court under the federal removal statute, 28 U.S.C. § 1446.  Dkt. #8 at 3-4.  This statute allows a

19   defendant to remove a civil action from state court if the defendant does so within 30 days of

20   receiving notice of the plaintiff's civil action and the case meets other jurisdictional requirements.

21   28 U.S.C. § 1446.  The R & R concluded that removal was not an available procedural mechanism

22   to Plaintiff given that the 30-day period to file a notice of removal had expired.  Dkt. #8 at 4.

23

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 3

Plaintiff objects on the basis that the Skagit County Superior Court and Skagit County Sheriff's Office never served defendants nor ruled on any of his filed motions, such that the 30-day period never started to run. Dkt. #10 at 2. Plaintiff also claims that he is withdrawing his action in Skagit County Superior Court and that federal subject matter jurisdiction exists since this is a federal civil rights complaint. *Id.*

Notwithstanding Plaintiff's objections that the 30-day period never expired and that federal subject matter jurisdiction exists, the Court finds that removal under Section 1446 is not available to Plaintiff. The removal statute expressly provides that "[a] *defendant or defendants* desiring to remove any civil action from a State Court" shall file a notice of removal in federal district court in order to remove the action. 28 U.S.C. § 1446(a) (emphasis added). This plain language confirms that Section 1446 only applies to defendants—not plaintiffs. The Court finds no basis to construe this language so broadly that it would provide Plaintiff a mechanism to remove his own case to federal court. On this basis alone, 28 U.S.C. § 1446 is inapplicable here.

For these reasons, the R & R properly concluded that Plaintiff's motion for change of venue, Dkt. #6, must be denied. The Court further concludes that amendment is futile given that there is no procedural basis for this Court to transfer Plaintiff's complaint out of state court.

## IV.   CONCLUSION

Accordingly, having reviewed Plaintiff's motion to change venue, the Report and Recommendation of Judge Tsuchida and supplement, Plaintiff's objections thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) The Report and Recommendation, Dkt. #8, is APPROVED and ADOPTED. Plaintiff's motion to transfer, Dkt. #6, is DENIED;

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 4

1    (2)  This matter is CLOSED;

2    (3)  The Clerk is directed to send copies of this Order to the Plaintiff and to the Honorable

3  Brian A. Tsuchida.

4

5    DATED this 13th day of December, 2021.

6

7

8
RICARDO S. MARTINEZ
9
CHIEF UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 5